IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE YOUNG,

    Plaintiff,

v.                                                                        CASE NO. 1:11-cv-205-MP-GRJ

ALACHUA COUNTY JAIL,

    Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff filed his Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983. From a review of the Complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against the Alachua County Jail. Plaintiff alleges he was not provided with adequate medical care in connection with a fall he suffered in July 2011 when he was housed at the Alachua County Jail.

According to the factual allegations in the Complaint, in July 2011, when Plaintiff was in custody at the Alachua County Jail, he fell and suffered an injury while meeting with his attorney. His attorney summoned guards at the jail. Plaintiff was taken to the infirmary at the Alachua County Jail and spent the night in the infirmary, but was released from the infirmary the next day without receiving any treatment or having any X-rays taken. After he was released from the infirmary, Plaintiff experienced neck, head and back pain and dizziness, but was not given any treatment or X-rays

performed for approximately five days.  Plaintiff was eventually examined by a doctor, but the doctor told Plaintiff the Alachua County Jail would not be providing any treatment to Plaintiff, but instead the Florida Department of Corrections ("FDOC") could deal with Plaintiff's medical treatment when Plaintiff was transferred to FDOC custody.  Plaintiff has continued to suffer neck, head and back pain since the July 2011 incident.

A fair reading of the Complaint reveals that Plaintiff is attempting to bring a deliberate indifference claim against the Defendant.  A threshold issue with respect to this claim is whether Plaintiff was a pre-trial detainee awaiting the resolution of charges against him or whether he was instead serving a part of a state sentence at the time he fell while in custody at the Alachua County Jail.  The Eighth Amendment does not apply to pre-trial detainees, but the failure to provide medical treatment or the provision of inadequate medical treatment to a pre-trial detainee is instead governed by the Due Process Clause of the Fourteenth Amendment.  Craig v. Floyd County, 643 F.3d 1306, 1311 (11th Cir. 2011).  "In regard to providing pretrial detainees with such basic necessities as ... medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."  Hamm v. Dekalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).  Accordingly, "[t]o prevail on a deliberate indifference to serious medical need claim, Plaintiff[] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  Mann v. Taser Int'l., Inc., 588 F.3d 1291, 1206-06 (11th Cir. 2009).

The Court will give Plaintiff an opportunity to amend his Complaint to include further factual detail with regard to his deliberate indifference claim.  In order to

demonstrate a deliberate indifference claim, Plaintiff must include further detail with respect to what occurred to him as a result of the injury he suffered when he fell in July 2011. Plaintiff alleges he suffered pain and dizziness as a result of the Defendant's actions, but does not allege what further medical treatment was required. For instance, Plaintiff does not inform the Court whether he eventually needed surgery or what treatment he believes he should have been provided by staff at the Alachua County Jail. The Complaint does not presently contain sufficient factual detail in order for the Court to determine whether Plaintiff actually suffered from an objectively serious medical need or whether the Defendants were deliberately indifferent to his complaints of pain and dizziness.

Plaintiff is also advised he cannot sue the Alachua County Jail because it does not have any independent legal existence and therefore is not an entity subject to suit under § 1983. *Logue v. Chatham County Detention Center*, No. CV408-028, 2008 WL 895717, at *2 (S.D. Ga. April 2, 2008)(county jail not an independent legal entity subject to suit under § 1983). Accordingly, Plaintiff must include as Defendants those individuals he believes were deliberately indifferent to his serious medical need.

To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint.

Accordingly, it is hereby **ORDERED** that:

1. The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions.

2. Plaintiff shall fully complete the complaint form.  In amending his Complaint, Plaintiff shall not refer back to the original Complaint or incorporate any part of the original Complaint by reference.  Plaintiff shall file the amended complaint, together with an identical copy of the amended complaint for each Defendant, **on or before March 23, 2012.**

3. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 28th day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge